**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonardo Gerardo GARCIA,**
**Defendant–Appellant.**

**No. 06–10966**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 21, 2007.

Juan Carlos Rodriguez, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM: *

Leonardo Gerardo Garcia appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by illegally reentering the United States after being deported following an aggravated felony conviction. Garcia claims the district court erred, under the advisory Guidelines, by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon its determination that his 1995 convictions under TEX. PENAL CODE § 21.11(a) for indecency with a child were crimes of violence. Garcia contends that his convictions under § 21.11(a)(2) did not constitute "sexual abuse of a minor" under § 2L1.2(b)(1)(A)(ii) because the Texas statute criminalizes consensual sex between minors of the same sex and sex between a 19–year old on the eve of his or her 20th birthday and a child two days shy of his or her 17th birthday.

The "sexual abuse of a minor" is a "crime of violence" under § 2L1.2(b)(1)(A)(ii). *United States v. Zavala–Sustaita*, 214 F.3d 601 (5th Cir.2000), held that a violation of § 21.11(a)(2) is "sexual abuse of a minor" as that term is used in its "ordinary, contemporary, [and]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

common meaning." Although *Zavala–Sustaita* involved an enhancement imposed under a previous version of § 2L1.2, its reasoning remains sound law and is applicable here. *See United States v. Izaguirre–Flores,* 405 F.3d 270, 273–75 (5th Cir.) (quoting *Zavala–Sustaita,* 214 F.3d at 604), *cert. denied,* —— U.S. ——, 126 S.Ct. 253, 163 L.Ed.2d 231 (2005). Accordingly, the district court did not err in enhancing Garcia's offense level pursuant to § 2L1.2(b)(1)(A)(ii).

Garcia also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than elements of the offense that must be found by a jury. Garcia's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although he contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would now overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia concedes this claim is foreclosed by *Almendarez–Torres* and raises it here only to preserve it for further review.

AFFIRMED.